UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
DIANE VOGTH-ERIKSEN           :   Civ. No. 3:16CV01114(SALM)
                              :
v.                            :
                              :
NANCY BERRYHILL,              :
ACTING COMMISSIONER OF        :
SOCIAL SECURITY               :   December 4, 2018
                              :
------------------------------x
```

### RULING ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. §406(b)(1) [Doc. #25]

Plaintiff Diane Vogth-Eriksen ("plaintiff") has filed a motion for attorney's fees pursuant to 42 U.S.C. §406(b)(1). [Doc. #25]. Defendant, Nancy A. Berryhill, the Acting Commissioner of the Social Security Administration (the "defendant" or the "Commissioner") has not responded to plaintiff's motion. For the reasons articulated below, plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. §406(b)(1) **[Doc. #25]** is **GRANTED** in the amount of **$22,734.00**.

### I. Background

On May 17, 2013, plaintiff applied for disability insurance benefits claiming that she had been disabled since March 6, 2013. (Doc. #10, Certified Transcript of the Record, Compiled on July 28, 2016, (hereinafter "Tr.") 191). Following a hearing before an Administrative Law Judge ("ALJ"), the ALJ denied plaintiff benefits on February 10, 2015. (Tr. 17-36). After

1

exhausting her administrative remedies, plaintiff filed the Complaint in this case on July 5, 2016. See Doc. #1. On October 10, 2016, the Commissioner filed her Answer and the official transcript. See Doc. #11. On December 12, 2016, plaintiff filed her motion seeking to reverse and/or remand the Commissioner's decision ("Motion to Reverse"), along with a supporting memorandum. See Doc. #15. On February 21, 2017, the Commissioner filed a Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. §405(g) with Reversal and Remand of the Cause to the Defendant. See Doc. #21. On February 22, 2017, the undersigned issued a Ruling, granting the Commissioner's motion to remand the case for further proceedings, and denying as moot plaintiff's Motion to Reverse. See Doc. #21. Judgment was entered on February 23, 2017. See Doc. #22.

On May 16, 2017, plaintiff filed a stipulation for allowance of fees in the amount of $7,200.00 and costs in the amount of $400.00 under the Equal Access to Justice Act ("EAJA"). [Doc. #23]. The undersigned granted the fee stipulation on May 18, 2017. [Doc. #24].

Plaintiff's counsel represents that plaintiff has prevailed on remand and has been awarded $90,936.00 in benefits. See Doc. #25 at 1-2. Plaintiff's counsel includes with her motion a notice from the Northeastern Program Service Center of the Social Security Administration which states: "We usually

2

withhold 25 percent of past due benefits in order to pay the approved lawyer's fee. We withheld $22,734.10 from your benefits in case we need to pay the representative." Doc. #25-1 at 1. Plaintiff's counsel now seeks an award of $22,734.10 in attorney's fees pursuant to 42 U.S.C. §406(b), and in accordance with the contingency fee agreement executed by plaintiff on November 30, 2016. See Doc. #25-2.

## II. Legal Standard

"Whenever a court renders a judgment favorable to a claimant who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, but that fee may not exceed 25 percent of the total of the past-due benefits to which the claimant is entitled." Blizzard v. Astrue, 496 F. Supp. 2d 320, 321–22 (S.D.N.Y. 2007) (quoting 42 U.S.C. §406(b)(1)(A) (quotation marks omitted)). Section "406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, §406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002) (footnote omitted).

When considering a fee application under section 406(b), "a court's primary focus should be on the reasonableness of the

withhold 25 percent of past due benefits in order to pay the approved lawyer's fee. We withheld $22,734.10 from your benefits in case we need to pay the representative." Doc. #25-1 at 1. Plaintiff's counsel now seeks an award of $22,734.10 in attorney's fees pursuant to 42 U.S.C. §406(b), and in accordance with the contingency fee agreement executed by plaintiff on November 30, 2016. See Doc. #25-2.

## II. Legal Standard

"Whenever a court renders a judgment favorable to a claimant who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, but that fee may not exceed 25 percent of the total of the past-due benefits to which the claimant is entitled." Blizzard v. Astrue, 496 F. Supp. 2d 320, 321–22 (S.D.N.Y. 2007) (quoting 42 U.S.C. §406(b)(1)(A) (quotation marks omitted)). Section "406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, §406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002) (footnote omitted).

When considering a fee application under section 406(b), "a court's primary focus should be on the reasonableness of the

withhold 25 percent of past due benefits in order to pay the approved lawyer's fee. We withheld $22,734.10 from your benefits in case we need to pay the representative." Doc. #25-1 at 1. Plaintiff's counsel now seeks an award of $22,734.10 in attorney's fees pursuant to 42 U.S.C. §406(b), and in accordance with the contingency fee agreement executed by plaintiff on November 30, 2016. See Doc. #25-2.

## II. Legal Standard

"Whenever a court renders a judgment favorable to a claimant who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, but that fee may not exceed 25 percent of the total of the past-due benefits to which the claimant is entitled." Blizzard v. Astrue, 496 F. Supp. 2d 320, 321–22 (S.D.N.Y. 2007) (quoting 42 U.S.C. §406(b)(1)(A) (quotation marks omitted)). Section "406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, §406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002) (footnote omitted).

When considering a fee application under section 406(b), "a court's primary focus should be on the reasonableness of the

contingency agreement in the context of the particular case; and the best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990). Ultimately, the attorney seeking the award "must show that the fee sought is reasonable for the services rendered." Gisbrecht, 535 U.S. at 807.

When determining the reasonableness of a fee sought pursuant to section 406(b), the Court considers the following factors: "(1) whether the requested fee is out of line with the character of the representation and the results the representation achieved; (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether the benefits awarded are large in comparison to the amount of the time counsel spent on the case." Sama v. Colvin, No. 3:10CV01268(VLB)(TPS), 2014 WL 2921661, at *2 (D. Conn. June 25, 2014) (quotation marks and citation omitted)).

"In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk." Wells, 907 F.2d at 371. "Thus, a reduction in the agreed-upon contingency amount should not be made lightly." Blizzard, 496 F.

4

Supp. 2d at 325. Such a reduction is appropriate only "when [the court] finds the amount to be unreasonable." Wells, 907 F.2d at 371.

**III. Discussion**

The Court begins with a review of the "Contingent Fee Agreement[,]" signed by plaintiff on November 30, 2016 (the "Agreement"). [Doc. #25-2]. The Agreement provides for a presumptively reasonable fee of "twenty-five percent (25%) of the past due benefits[.]" Id. Considering the plain language of the Agreement, and the factors recited in Sama, the requested fee is reasonable.

First, there is no evidence that the proposed fee is out of line with the "character of the representation and the results the representation achieved." Sama, 2014 WL 2921661, at *2. Plaintiff's counsel achieved a fully favorable result for plaintiff by securing a remand to the administrative level and thereafter obtaining a significant award of past-due benefits.

Second, there is nothing to suggest that plaintiff's counsel unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and increase her fee. Plaintiff's counsel complied with all filing deadlines. See, e.g., Doc. #11, Doc. #15. Plaintiff's counsel not only did not request that any deadlines be extended, but successfully persuaded the Commissioner to file her own motion for voluntary

5

remand, see Doc. #20, expediting the reprocessing of plaintiff's application for benefits by up to a year, see Sama, 2014 WL 2921661, at *3.

Third, the Court considers whether "the benefits awarded are large in comparison to the amount of the time counsel spent on the case." Id. Plaintiff's counsel has not provided information regarding the hours worked in this case. This makes the third factor difficult, though not impossible, to evaluate.

Other section 406(b) fee awards that have been approved in this Circuit regularly approximate $800 per hour. See, e.g., Sama, 2014 WL 2921661, at *4 (hourly rate of $785.30); Joslyn v. Barnhart, 389 F. Supp. 2d 454, 455-57 (W.D.N.Y. 2005) (hourly rate of $891.61); Destefano v. Astrue, No. 05CV3534(NGG), 2008 WL 623197, at *6 (E.D.N.Y. Mar. 4, 2008) (hourly rate of $849.09), report and recommendation adopted, 2008 WL 2039471 (May 9, 2008). While courts in this Circuit proceed with caution before awarding fees equaling or exceeding $1,000 per hour, such fees have also been approved. See Torres v. Colvin, No. 11CV5309(JGK), 2014 WL 909765, at *4 (S.D.N.Y. Mar. 6, 2014)(hourly rate of $1,000); Kazanjian v. Astrue, No. 09CV3678(BMC), 2011 WL 2847439, at *2 (E.D.N.Y. July 15, 2011) (hourly rate of $2,100.00).

Here, the Court has already concluded that "the transcript in this case was comprised of 1586 pages, and thus was

6

relatively long. Further, plaintiff's counsel submitted a thorough and well-reasoned brief. Finally, counsel did not represent plaintiff during the administrative proceedings, and thus was required to familiarize herself with the record prior to briefing." Doc. #24. Using an hourly rate of $800 would equate to 28.4 hours of work. When determining if a fee award would result in a windfall, the Court considers not only the hours actually worked, but the number of hours that could be expected to be spent on the tasks performed. To consider only the hours worked would be to penalize counsel for efficiency and experience. See Torres v. Colvin, No. 11CV5309(JGK), 2014 WL 909765, at *5 (S.D.N.Y. Mar. 6, 2014); Maier v. Apfel, No. 95CV9264(JGK), 1998 WL 401536, at *2 (S.D.N.Y. July 17, 1998)

The Court finds that 28.4 hours for the review of over 1500 pages of records and the production of 39 pages of persuasive, "well reasoned[,]" Doc. #24, briefing and a condensed statement of facts is well within reasonable limits. Even if plaintiff's counsel had been able to complete this work in in less time, to deny this award of fees would be to penalize counsel's efficiency when the fee award is viewed in light of other awards within this circuit. Accordingly, the Court finds that the fee requested pursuant to section 406(b) is reasonable under the circumstances and would not be a windfall to plaintiff's counsel.

The requested attorney's fees in the amount of $22,734.00 will be awarded to plaintiff's counsel. However, as acknowledged by plaintiff's counsel, she must return to plaintiff the $7,200.00 previously awarded by the Court under the EAJA. See Doc. #25 at 2; Doc. #25-3 at 1; see also Gisbrecht, 535 U.S. at 796.

## IV. Conclusion

For the reasons set forth herein, plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. §406(b)(1) **[Doc. #25]** is **GRANTED**. Plaintiff's counsel is entitled to attorney's fees in the amount of **$22,734.00**. Upon receipt of this award, Attorney Merritt is ordered to refund to plaintiff the amount of **$7,200.00**.

SO ORDERED at New Haven, Connecticut this 4th day of December, 2018.

```
       /s/
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE
```